**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen S Edwards,<br><br>Plaintiff,<br><br>v.<br><br>Robert Charles Riggs, et al.,<br><br>Defendants. | No. CV-19-01962-PHX-JAT<br><br>**ORDER** |

On April 19, 2019, the Court issued the following Order:

> Federal courts are courts of limited jurisdiction. As a result, they can hear only those cases that the Constitution and Congress have authorized them to adjudicate: namely, cases involving diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party asserting jurisdiction bears the burden of proving a jurisdictional basis exists. *Id.* In this case, because Plaintiff filed his suit in federal district court, he must show that the federal court is authorized to hear the case.
>
> Plaintiff alleges Federal question jurisdiction. (Doc. 1 at 2). However, none of the actual claims in his complaint appear to be based on a violation of a Federal statute.[1] Additionally, the Court notes that Plaintiff cites several federal statutes in the caption of his complaint; but, reciting a catalogue of federal rights is not sufficient to invoke the jurisdiction of this Court. "To state a federal claim, it is not enough to invoke a constitutional provision or to come up with a catalogue of federal statutes allegedly implicated. Rather, as the Supreme Court has repeatedly admonished, it is necessary to state a claim that is substantial…." *Noatak v. Hoffman*, 896 F.2d 1157, 1166 (9th Cir. 1990) (Kozinski, J. dissenting) (majority opinion rev'd 501 U.S. 775 (1991));
>
> Moreover, it does not appear the statutes listed would create a basis

---

[1] The Court notes that in their answer, certain Defendants denied that this Court has federal question jurisdiction. (Doc. 12 at 1). For unknown reasons, Defendants did not move to dismiss the complaint on this basis. However, the Court (or any party) may raise jurisdiction at any point in the case. *See Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003).

for jurisdiction. For example, "The Court also notes that 42 U.S.C. § 3631 is a criminal statute, and does not afford Defendant a private right of action." *Retreat LLC v. Chisolm*, No. 1:18-CV-02319-AT-AJB, 2018 WL 3080085, at *4 (N.D. Ga. May 23, 2018), *report and recommendation adopted*, No. 1:18-CV-2319-AT, 2018 WL 3067843 (N.D. Ga. June 20, 2018). By way of further example, 42 U.S.C. § 249 deals with quarantine provisions of United States immigrations laws.

Based on the foregoing,

**IT IS ORDERED** that by April 29, 2019, Plaintiff shall file a supplement to his complaint explaining exactly which count(s) in his complaint is based on a federal statute (or constitutional provision) including a citation to the statute.

(Doc. 14) (footnote in original).

Plaintiff did not respond to this Order, and accordingly, has not shown a basis for federal subject matter jurisdiction. Plaintiff did move for appointment of counsel, but the Court lacks authority to appoint counsel in a case over which the Court lacks jurisdiction. Moreover, assuming the Court had jurisdiction to consider this request, the Court does not find either factor regarding appointment of counsel to favor appointment of counsel in this case. *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (To determine whether exceptional circumstances exist that would justify the appointment of counsel, the Court evaluates Plaintiff's "'likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his or her claim *pro se* in light of the complexity of the legal issues involved.'").

As a result of Plaintiff having failed to establish that this Court has subject matter jurisdiction over this case, this case will be dismissed, without prejudice. Therefore,

**IT IS ORDERED** that this case is dismissed, without prejudice, for lack of subject matter jurisdiction and the Clerk of the Court shall enter judgment accordingly. All pending motions (Docs. 17, 21, 23, 25, and 26) are denied as moot (Doc. 17 is also, alternatively, denied on the merits).

Dated this 6th day of May, 2019.

_____
James A. Teilborg
Senior United States District Judge